LAUHOFF GRAIN COMPANY, Appellee, *v.* THE INDUSTRIAL COMMISSION *et al.* (Diana Gallez, Appellant).

Fourth District (Industrial Commission Division)   No. 4—84—0104 WC

Opinion filed June 25, 1984.

Harold A. Katz, Jerome Schur, and Lee A. Iverson, all of Katz, Friedman, Schur & Eagle, of Chicago, for appellant.

Howard W. Small and Craig J. Causeman, both of Thomas, Mamer & Haughey, of Champaign, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The claimant, Diana Gallez, was awarded benefits by the Industrial Commission under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for both temporary total and permanent partial disability. On review, the circuit court confirmed the award of temporary total disability benefits, but reversed the Commission's finding of permanent partial disability as against the manifest weight of the evidence. It is from this judgment that the claimant now appeals. We affirm.

The claimant was hired by the respondent, Lauhoff Grain Company, pursuant to an agreement between Lauhoff and the Defense Department. Her job was to unload 100-pound sacks of grain. On September 4, 1979, she had been employed by Lauhoff for six days. On this day, she was instructing a new worker on how to stack the grain bags. The claimant reached up to adjust the position of one of the stacked bags and injured herself. Her injury was described by her doctor as a subluxation of the 10th rib and mid-dorsal mysfascitis.

Initially, the claimant returned immediately to work. When she subsequently had difficulty performing her job, she was sent to a hospital. The claimant was advised by the emergency room doctor to stay off work for three days. The claimant was released for light duty on September 7, 1979, but was informed by Lauhoff that no such work

was available. The claimant's doctor released her to return to work without restrictions on October 15, 1979. The claimant was terminated by Lauhoff when she reported for work that day.

The claimant testified that she had not worked since October 15, 1979. She testified that she still experienced pain between her shoulder blade and backbone which was especially noticeable when she was tired or engaged in strenuous activity. She stated that her back "popped out" when she did heavy lifting or repetitive movement. She continued to see a chiropractor, Dr. Georges, for her condition.

The respondent introduced the testimony of its personnel manager, Mr. Small. Small testified that the claimant was not retained due to her inability to perform her job and the resultant possibility of future injury. As evidence of her inability to perform, the respondent introduced into evidence a written evaluation of the claimant's performance.

The arbitrator awarded the claimant benefits for only temporary total disability. The Industrial Commission affirmed this award, and additionally found that the claimant was permanently partially disabled to the extent of 10%. The Commission stated that its decision to award benefits for permanent partial disability was "[b]ased on the medical evidence presented and respondent's *admission* that petitioner is no longer physically able to perform the job for which she was hired ***." (Emphasis added.)

The circuit court found in its memorandum opinion that the Commission had treated Small's testimony as a judicial admission which was binding on Lauhoff. The court considered this to be error because Small was not qualified to testify re the claimant's medical condition. Further, the court found that the record demonstrated that Lauhoff's decision to terminate the claimant was due to factors other than any perceived permanent disability. The court, therefore, reversed the Commission's finding of permanent partial disability.

The claimant asserts as her first issue on appeal that the circuit court erred in its treatment of Small's testimony. The claimant argues that the court erroneously concluded that the Commission had considered Small's statement to be a judicial admission. Additionally, the claimant argues that the court then erred by finding that Small's statement was inadmissible. Finally, the claimant contends that the court erred in reversing the award on the basis that the Commission improperly construed Small's statement.

■ We find no error in the circuit court's finding that the Commission considered Small's testimony to be a binding judicial admission. It is clear from the record that the Commission utilized Small's testimony as a binding judicial admission in determining whether the

injury had resulted in a permanent disability. The Commission considered Small's testimony to be dispositive of the question of whether the claimant had sustained some physical impairment, despite the evidence that the claimant was released to return to the same job shortly after her injury.

■ A review of the record also demonstrates that the court did not find Small's testimony to be inadmissible. The court found instead that his testimony did not qualify as a judicial admission. The court itself relied on Small's testimony in resolving the issues before it. Contrary to the claimant's assertion, the circuit court did not find Small's testimony to be inadmissible.

■ Having determined that the court did not err in its findings regarding Small's testimony, we find that the court properly set aside the Commission's award. The Commission based its award of permanent disability benefits in part on the erroneous characterization of Small's testimony. Because the Commission misapplied the evidence, the circuit court properly reversed the Commission's decision based on that evidence.

■ The claimant also asserts on appeal that the circuit court erred in finding that the Commission's decision that the claimant was permanently disabled was against the manifest weight of the evidence. The claimant urges that the Commission, faced with two conflicting sets of testimony as to the reason for termination, found the claimant's evidence to be the more credible. Questions of credibility, the claimant argues, are for the Commission as finder of fact.

The relevant facts in this case fall basically into two categories: medical evidence and evidence relevant to the claimant's ability to perform her job both before and after her injury. The Commission found that the claimant was disabled based upon unspecified medical evidence and Lauhoff's "admission" discussed above.

In rejecting the Commission's reliance on medical evidence, the court noted that the claimant's own doctor released her to resume her job on October 15, 1979. Dr. Adeli, an orthopedic surgeon, discharged the claimant as cured on September 21, 1979. Dr. Bavishi, an orthopedic surgeon who testified for Lauhoff, examined the claimant on February 20, 1980, and found her to be "almost asymptomatic." The court noted finally that the claimant believed she was fit to return to work on October 15. The circuit court, therefore, concluded that there was no medical evidence to support the Commission's finding.

The Commission also based its decision, as noted above, on Small's admission regarding the reason for her termination. The Commission found that the basis for termination was that the claimant

was no longer able to perform a job she had been capable of performing prior to her injury, thereby evidencing a permanent disability. The circuit court concluded that Small had not testified that the claimant could no longer perform her work. Instead, the court interpreted his testimony to mean that the claimant could not perform the job from the start and that she was, therefore, always susceptible to injury.

As noted previously, the claimant was hired as a loader pursuant to an agreement between Lauhoff and the Defense Department. After finding that women were underutilized, the Department ordered Lauhoff to hire women for the next 11 openings. The loaders' job was to catch 100-pound sacks of grain as they came off a conveyor belt and then stack them in a boxcar. The claimant is five feet and one-half inches tall and weighed almost 200 pounds. At the time she was hired, Lauhoff's doctor qualified her to work as a loader.

At the time she was terminated, Lauhoff stated in a letter that her work performance was poor. An evaluation of the claimant during her six-day employment was also introduced during the hearings. In the evaluation, the claimant received a "poor" rating in quality and quantity of work and safety record. She received a "fair" rating in dependability, attitude and attendance.

The Commission discounted the evidence of any difficulty on the claimant's part in performing her job prior to the injury based upon her perfect attendance and the fact that she was training a new employee on the day she was hurt. The circuit court rejected the Commission's decision based on a lengthy excerpt from Small's testimony in which he stated that Lauhoff personnel did not believe that the claimant was capable of handling the job even prior to her injury. The court also relied on testimony by the claimant that she was in pain when performing her job even before her injury.

We find that the Commission's decision was contrary to the manifest weight of the evidence. The medical evidence that was introduced indicated that the claimant suffered no permanent disability. Thus, the only evidence of disability was the claimant's complaints and the evidence pertaining to the claimant's termination. We concur with the circuit court's decision that the evidence showed she was terminated based upon her inability to perform the job prior to the injury.

The judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

SEIDENFELD, McNAMARA, WEBBER and KASSERMAN, JJ., concur.